In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant-Respondent, v TOWN OF MARCY et al., Respondents, and WHITESBORO CENTRAL SCHOOL DISTRICT et al., Intervenors-Respondents-Appellants. [682 NYS2d 770] —Order unanimously modified on the law and as modified affirmed

without costs in accordance with the following Memorandum: Petitioner public utility company commenced these consolidated proceedings to review the tax assessments on three separate parcels of real property owned by petitioner during the years 1990 through 1994. The parcels at issue are: (1) the Porter substation parcel, on which there is a one-story concrete building containing operational utility equipment; (2) the Edic substation parcel, on which there also is a one-story concrete building containing operational utility equipment; and (3) the Transmission parcel, which consists of several strips of land that are rights of way for utility poles and lines. The parties stipulated to the value of the land and the final equalization ratios and a bench trial was held solely to determine the value of the buildings and other improvements on the parcels.

Supreme Court properly dismissed the petitions insofar as they sought to reduce the tax assessments on the Edic substation and Transmission parcels, but erred in granting the petitions insofar as they sought to reduce the assessments on the Porter substation property.

We conclude that petitioner's appraisals were deficient in several respects. The court properly found that the subject properties were "specialty" properties and should be assessed and valued by the reproduction cost new less depreciation methodology (*see, Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196-197; *Matter of Great Atl. & Pac. Tea Co. v Kiernan,* 42 NY2d 236, 240). Petitioner's appraisers used a "hybrid" method of valuation using the reproduction cost new less depreciation method for the equipment, but using comparable sales and cost approaches for the buildings. Where a property is properly categorized as a specialty, valuation may not be based upon comparable sales because, as a specialty, the building and its specialty features are not adaptable to general industrial use without great expense (*see, Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, supra,* at 196-197; *Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra,* at 240). There was no such evidence adduced in this case with respect to the Porter substation parcel. Moreover, petitioner's estimates concerning service lives were too low and petitioner's use of negative net salvage value was speculative.

Thus, after receiving the proof, the court properly concluded that the appraisals and arguments presented by petitioner ultimately lacked the necessary "strength, credibility [and] persuasiveness" (*Matter of FMC Corp. v Unmack,* 92 NY2d 179, 188) to meet its burden of showing that the Edic substa-

tion and Transmission parcels were overassessed. Because petitioner used the same erroneous methodologies with regard to the Porter substation parcel, we conclude that petitioner also failed to prove that that parcel was overassessed in the subject years.

We modify the order, therefore, by dismissing the petitions in their entirety. (Appeals from Order of Supreme Court, Oneida County, Tenney, J.—RPTL.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.